JAMES TURNEY, Plaintiff in Error, *v.* JOHN J. PENN *et al.,* Defendants in Error.

ERROR TO McLEAN.

A joint action for debt will not lie against the maker of a sealed instrument, and his surety, who binds himself by a writing not under seal.

THIS was an action of debt, brought jointly against Penn and Nichols, upon a lease under seal, between Turney and Penn; Nichols having signed the agreement to become surety for Penn, which is set out in the opinion of the court. To this declaration there was a demurrer, and a joinder in demurrer. The demurrer was sustained by the court, DAVIS, Judge, at March term, 1855, of the McLean Circuit Court. The plaintiff below prosecutes this writ of error.

J. C. WALKER, for Plaintiff in Error.

B. C. COOK, for Defendants in Error.

SCATES, C. J. This case is, as we understand it, entirely free of the difficulty presented to the mind of the court in *Camden et al.* v. *McCoy et al.,* 3 Scam. R. 441, and is settled by the principle there laid down. Without proof or explanation in that case, in relation to a blank indorsement of his name by a third person, the court was called upon to determine what kind of a contract the holder was authorized to write over the signature. But all the members of the court in that case, and the decisions in the several cases referred to, and reviewed, seem to

concur in holding a party bound as a surety, where the proofs, or the writing he signs, show that to have been the true intent and meaning of the parties.

Upon that view of the law, but one conclusion is admissible from this record. At the time and place of making and signing this lease, and a part of the transaction, Nichols added his undertaking, in language which clearly shows that he was not a lessee, but that by agreement he became responsible as such, as surety.

" I hereby become security for John J. Penn, for the rent specified in the within lease," is the form and substance of his intent and meaning. He could not have made his meaning plainer by words. There is no room left for speculations, or presumptions of law, other than that he meant what he said, and the court can only enforce the obligation thereby assumed.

But the difficulty in this case is not in the meaning and extent, but in the character of the obligation. Penn entered into a lease under seal, and Nichols into a written contract without seal. A joint action of debt is brought upon the sealed lease, against Penn and Nichols. While the contract of Nichols makes him liable for the money, as surety to Penn, still it does not make him a party to a sealed obligation which he never signed or sealed, and consequently his liability is not joint, nor is he liable to an action brought upon the lease. The lease may be evidence of the debt which he undertook to pay, but not of the obligation entered into by him. If he be sued for this debt, it must be upon the contract he entered into, and not upon the contracts of others. Surely covenant would not lie against him upon this contract without seal, and yet it may as well lie as debt. Debt will lie, though covenant will not, on this simple contract, but neither lies against him, jointly or severally, upon the lease, which was neither signed or sealed by him. No case is referred to in support of this position; we know of none, nor any principle of distinction in the books, that will authorize us to make a precedent.

*Judgment affirmed.*